GLORIA J. STURMAN, ESQ.
Nevada Bar No. 2314
MARGARET G. FOLEY, ESQ.
Nevada Bar No. 7703
10655 Park Run Drive, Suite 190
Las Vegas, Nevada 89144
Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RANDAL DOCK, an individual,

    Plaintiff,

vs.

STATE OF NEVADA on relation of the NEVADA DEPARTMENT OF HEALTH AND HUMAN SERVICES in its capacity overseeing the CLARK COUNTY DEPARTMENT OF CHILD AND FAMILY SERVICES; DONA LISA FORD, Individually and in her Official capacity as a caseworker for CLARK COUNTY DEPARTMENT OF FAMILY SERVICES and Child Protective Services, a department(s) of CLARK COUNTY; CLARK COUNTY in its capacity overseeing the CLARK COUNTY DEPARTMENT OF CHILD AND FAMILY SERVICES; DOES and ROES 1-100; inclusive,

    Defendants.

Case No. 2:10-cv-0275-RCJ-LRL

## CONFIDENTIALITY STIPULATION AND ORDER

1. To the extent that relevant, non-privileged material contained in the records of the Clark County Department of Family Services ("CCDFS") may be discoverable in this action, the parties stipulate that this Court may find, and this Court does so find, that such material may be necessary for the determination of an issue before the Court, and therefore, may be disclosed to the Court and to attorneys representing the named parties to this action, provided that such disclosure occurs only in strict accordance with the terms of this Order.

2. If a privilege is claimed as to documents or records sought in connection with this litigation, the procedures set forth in LR 10-5 regarding in-camera submission shall apply.

3. The parties acknowledge, and the Court finds, that CCDFS information and material which are the subject of this Confidentiality Order, contain sensitive information that is generally protected from disclosure by Nevada statute and administrative code, and that all such information should be and hereby is deemed confidential and may not be discussed with or disclosed, either orally or in writing, to anyone, including, but not limited to the news or publication media in any format, except in strict accordance with the provisions of this Confidentiality Order. This Order does not apply to policies and procedures of CCDFS which are otherwise deemed public record pursuant to NRS 179A.110, NRS 29.010, NRS 432B.290(2) and NRS 432B.407.

4. Information contained in CCDFS records which is deemed confidential pursuant to this Confidentiality Order, or pursuant to any subsequent Court Order in this matter, shall be used only for pre-trial proceedings in this litigation, preparation for trial, the trial of this action, any post-trial proceedings and any appeal, subject to the terms of paragraph 8 of this Order, and shall not be used for any other purpose.

5. The parties may not disclose or discuss any confidential material or information produced pursuant to this Confidentiality Order to any person other than the United States District Court and Court personnel; Court reporters and stenographic reporters working in this matter; attorneys engaged in the prosecution and defense of this action including the regular staff of all such attorneys; the parties; experts and consultants retained by the parties for purposes of this litigation; witnesses and their counsel at depositions or at any hearing or trial held herein or in connection with preparation therefore; employees of a party, expert or consultant to the extent

///

///

2

reasonably deemed necessary by counsel for the purpose of assisting in the prosecution or defense of this action, and only on condition set forth in paragraph 6 below. The news or publication media, in any format, are not persons, entities, experts or consultants potentially entitled to disclosure under this paragraph.

6. If a party provides any person other than a party, counsel for a party, or a direct employee of such counsel, access to information pursuant to paragraph 5 hereof, the providing party shall give a copy of this Order to the person given access to the information. The providing party shall then require the signature of the person given access to this information, on the Statement of Confidentiality attached hereto and made a part hereof as Exhibit A, prior to furnishing access to information covered by this Order. Such persons shall then be bound by this Order and shall not disclose the information to any persons not authorized under state or federal law or Order of this Court to receive such information. Copies of the executed Statement of Confidentiality shall be provided to all counsel to this action within five (5) business days of execution.

7. Should any party or person to whom this Confidentiality Order applies wish to disclose any material derived from CCDFS records that are the subject of this Order to any person other than as described herein and specifically permitted by this Order, or for any purpose other than as set forth herein, such party or person shall advise all counsel of the desired disclosure, including the proposed recipient of the desired disclosure, in writing.

    a. If any party objects to the proposed disclosure:

        (1) The objecting party shall set forth that objection, in writing, to all counsel, within eight (8) business days of that party's actual receipt of the written notice of intended disclosure, specifying therein the basis of the objection;

///

3

(2) The party desiring disclosure shall then submit a motion to the Court for an Order Authorizing Disclosure of the specified material information, or for an Order clarifying that the subject matter of the desired disclosure does not fall within the confidentiality protections of paragraph 3 of this Confidentiality Order;

(3) The party desiring disclosure will treat all materials or information in accordance with the requirements of this Confidentiality Order during the pendency of such motion; and

(4) Before seeking any relief from the Court under this paragraph, the parties will make a good faith effort to resolve any dispute concerning the confidential treatment of such material or information.

b. If no party objects to the disclosure within eight (8) business days of that party's actual receipt of the written notice of desired disclosure, the party seeking to make the disclosure may proceed therewith.

8. Any confidential material produced pursuant to this Confidentiality Order may only be filed with the Court and made part of the public record under seal, and in all references filed with the Court or stated in open court, when referring to individual children and families, or other persons whose names or other identifying information is contained in CCDFS records; the parties shall use either initials or a pseudonym agreed to by the parties.

9. Any violation of the terms of this Confidentiality Order may result in sanctions to be determined by the court upon motion, up to and including exclusion from evidence of material or information released or communicated in violation of this Confidentiality Order, and/or prosecution for violation of Nevada Revised Statutes 432B.290 and 179A.110.

///

10. At the conclusion of this case, all discovery material made confidential pursuant to this Confidentiality Order, or another Court Order, all documents reflecting such material, and all copies thereof (including without limitation, copies provided to testifying or consulting experts or consultants) shall be returned to the person or party that produced the confidential material, or, in the alternative, destroyed and certified in writing to the person or party that produced the confidential material to have been destroyed. Notwithstanding the foregoing, counsel may retain, until the expiration of the statute of limitations applicable to attorney malpractice, including any period for which the statute may be tolled, one copy of the confidential material produced in this case and one copy of any attorney work product reflecting confidential material, provided that such records and attorney work product is prominently marked with the statement:

### CONFIDENTIAL

This envelope contains documents that are subject to a
Protective Order entered by the Court in this action
Governing the use of confidential discovery material.

or some substantially similar statement. The provisions of this order shall continue to apply to all confidential materials not returned or destroyed in accordance with this paragraph. After the expiration of the statute of limitations applicable to attorney malpractice, including any period for which the statute may be tolled, counsel shall return or destroy all confidential records to counsel for Clark County in accordance with the terms of this paragraph.

11. This Confidentiality Order and the related Statements of Confidentiality executed hereunder, shall remain in force and effect in perpetuity and shall survive this litigation.

12. This order does not affect access to confidential information by individuals, including employees of Clark County or the State of Nevada, who are otherwise authorized under state law or regulation to have such access.

///
///

5

13. The parties acknowledge that the parties have stipulated to the terms of this Interim Confidentiality Stipulation and Order, intending that it shall govern disclosures of material from the records of CCDFS, unless and until such time as the Court modifies this Order. Nothing contained herein is intended to limit the parties' access to the Court or their ability to seek to modify this Order.

Dated this 24 day of ~~April~~ June, 2010.

BUCKLEY KING, LLP

_____
GLORIA J. STURMAN, ESQ.
Nevada Bar No. 2314
MARGARET G. FOLEY, ESQ.
Nevada Bar No. 7703
10655 Park Run Drive, Suite 190
Las Vegas, Nevada 89144
Attorneys for Defendant

Dated this 21 day of ~~April~~ June, 2010.

NELSON LAW

_____
SHARON L. NELSON, ESQ.
Nevada Bar No. 6433
401 North Buffalo, Suite 100
Las Vegas, NV 89145
Attorney for Plaintiff Randal Dock

## ORDER

IT IS HEREBY ORDERED, ADJUDGED and DECREED that, the records of the Clark County Department of Family Services ("CCDFS"), which may be discoverable in this action, Randal Dock vs. State of Nevada, et al., Case No. 2:10-cv-0275-RCJ-LRL are deemed

///
///
///
///
///
///
///
///

6

confidential to this litigation, and may be released and disclosed only in accordance with the terms and provisions of the foregoing Stipulation, said terms and provisions being incorporated into this Order by this reference as though fully set forth herein.

IT IS SO ORDERED this 29th day of April, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

Submitted by:

_____
GLORIA J. STURMAN, ESQ.
Nevada Bar No. 2314
MARGARET G. FOLEY, ESQ.
Nevada Bar No. 7703
10655 Park Run Drive, Suite 190
Las Vegas, Nevada 89144
**Attorneys for Defendant**

## Exhibit A

## STATEMENT OF CONFIDENTIALITY

By signing this document, I hereby certify that I have read the Confidentiality Order entered by the Court in Randal Dock vs. State of Nevada, et al., Case No. 2:10-cv-0275-RCJ-LRL, on the ___ day of _____, 2010. I understand this Order and agree to abide by its terms by not disclosing confidential information to anyone other than counsel, employees or clerical staff subject to this order, except as required by lawful judicial process.

_____

DATED this 26th day of February, 2010.

/s/ Gloria J. Sturman
GLORIA J. STURMAN, ESQ.
Nevada Bar No. 2314
MARGARET G. FOLEY, ESQ.
Nevada Bar No. 7703
10655 Park Run Drive, Suite 190
Las Vegas, Nevada 89144
Attorney for Defendant

8